IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FIDEL BERRIOS, *et al.*

                        Plaintiff,

     v.

THE CIRCLE GROUP, LLC,

                    Defendants.

Case No. 1:20-cv-230

---

**UNOPPOSED MOTION AND INCORPORATED MEMORANDUM FOR APPROVAL OF
FAIR LABOR STANDARDS ACT SETTLEMENT**

      Plaintiffs respectfully move, with the consent and approval of Defendant The Circle

Group, LLC ("Circle"), that the Court approve the settlement agreed to by the Parties during the

November 12, 2020 settlement conference presided over by the Honorable Theresa Buchanan to

resolve this Fair Labor Standards Act ("FLSA") case. In conjunction with the filing of this

agreement, Plaintiffs and Circle are filing an executed form consenting to the exercise of

jurisdiction by a United States Magistrate Judge in this matter. The Parties further request that the

Court retain jurisdiction over this matter in the unlikely event that there is a need to resolve any

dispute relating to the Parties' settlement. The Parties agree that no hearing on this Motion is

necessary.[1]

      The settlement mediated by the Court, and subsequently reduced to writing by the Parties,

is fair and reasonable and should be approved. Courts recognize that "when a proposed settlement

---

[1] Courts differ as to whether judicial approval is necessary to settle FLSA cases. *Compare Patel v. Barot*, 15 F. Supp. 3d 648, 653 (E.D. Va. 2014) (claims for unpaid FLSA wages may be settled or compromised only with the approval of a court or the Secretary of Labor), *with Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247 (5th Cir. 2012) (FLSA settlement does not require court approval if plaintiffs are represented by counsel in resolution of genuine dispute).

reflects a reasonable compromise over *bona fide* disputes, then court approval promotes the policy of encouraging settlement while protecting an employee's rights under FLSA." *Patterson v. Richmond Sch. of Health & Tech., Inc.*, No. 3:10-cv-368, 2010 U.S. Dist. LEXIS 124952, at * 1 (E.D. Va. Nov. 4, 2010) (internal citations omitted). Settlements are permissible in the context of an FLSA lawsuit because litigation provides some assurance of an adversarial context in which employees are likely to be represented by an attorney who can protect their rights. *Howell v. Dolgencorp, Inc.*, No. 2:09-cv-41, 2011 U.S. Dist. LEXIS 5680, at *2 (N.D. W.Va. Jan. 13, 2011). Indeed, "[t]here is a strong presumption in favor of finding a settlement fair that must be kept in mind in considering the various factors to be reviewed in making the determination of whether a settlement is fair, adequate and reasonable." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08-cv-1310, 2009 U.S. Dist. LEXIS 89129, at *10 (E.D. Va. Sept. 28, 2009) (internal quotations omitted); *see also Velez v. Audio Excellence, Inc.,* No. 10-cv-1448-ORL-22, 2011 WL 4460110, at *1 (the "presumption [weighs] in favor of finding a settlement fair").

A Proposed Order approving the settlement is being filed in conjunction with this filing.

Dated:  December 2, 2020           Respectfully submitted,

s/ Matthew B. Kaplan
Matthew B. Kaplan
THE KAPLAN LAW FIRM
1100 N Glebe Rd, Suite 1010
Arlington, VA 22201
(703) 665-9529
mbkaplan@thekaplanlawfirm.com

Rachel Nadas, VSB # 89440
Matthew K. Handley, admitted *pro hac vice*
HANDLEY FARAH & ANDERSON PLLC
777 6th Street, NW – Eleventh Floor
Washington, DC  20001
Telephone:     202-899-2991
email: rnadas@hfajustice.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document, and any attachments or exhibits filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to any party indicated as non-registered participants on the date of its filing.

/s/ Matthew B. Kaplan_____

Date:   December 2, 2020